In the Matter of the Election of Directors of the MOUNT VERNON
DYE CASTING CORPORATION.

Supreme Court, Bronx County, April 22, 1926.

Corporations — proceeding pursuant to General Corporation Law, § 32,
  to set aside election of directors — certain stockholders, prior to annual
  election, transferred stock aggregating ninety-five shares to petitioner
  and others to whom new stock certificates were issued — transfer subse-
  quently declared void, but corporation did not issue new stock certifi-
  cates to original owners thereof prior to election — proxies representing
  thirty-five of ninety-five shares of stock of original owners deprived of
  vote for directors — election set aside where evidence shows proxies
  attempted to vote only as duly authorized representatives of lawful
  owners — new holders of stock acquired no rights thereto — proxies
  valid — affidavit of stockholder executed in New Jersey may not be
  considered where it does not comply with Civil Practice Act, § 359.

The election of directors of the corporation herein must be set aside as illegal,
  pursuant to the provisions of section 32 of the General Corporation Law, since
  it appears that prior to said election several stockholders of the corporation
  transferred their stock, aggregating ninety-five shares, to the petitioner and
  others to whom were issued new certificates; that subsequently said transfers
  were held invalid and void in an action brought to set them aside; that thirty-
  five of the ninety-five shares of stock, the transfer of which had been declared
  void, though represented at the annual meeting, which petitioner attended, as
  the lawful owner of thirty shares, by proxies executed to certain stockholders,
  among whom were the said transferees of the stock, were deprived of a vote
  for directors, notwithstanding the fact that the transferees did not attempt to
  vote the stock as the owners thereof but only as duly authorized representatives
  of the lawful owners; the new holders acquired no rights for the reason that
  title to the stock was still vested in the original owners who were entitled to
  vote.
The failure of the officers of the corporation to issue new stock in response to a
  request of petitioner and other transferees prior to the election, even if this
  were necessary, did not confer any additional rights on such transferees, nor
  did it deprive the lawful owners of their respective rights and privileges.
The contention that petitioner and other transferees paid a consideration for the
  original transfer to them of the stock represented by the proxies and that the
  original owners still retained the purchase price, contrary to section 23 of the
  General Corporation Law, to the effect that no member of a corporation shall
  sell his vote or issue a proxy to vote to any person for any sum of money or
  anything of value, is unfounded in the absence of competent proof from which
  a conclusion can be reached that the original owners of the stock have not
  repaid the purchase price, or evidence purporting to establish that those persons
  to whom the proxies were issued paid any consideration therefor. Moreover,
  the validity of the proxies was not attacked at the meeting of the stockholders
  nor was any question raised at that time relative to the repayment of the
  purchase price for the illegally transferred stock.
A supporting affidavit of one of the stockholders, reciting that he was precluded
  from voting, cannot be considered where the oath purports to have been executed

in New Jersey by a notary public of that State and was submitted on this application without a certificate annexed of a county clerk of the county wherein it was executed to the effect that the notary public taking the oath was authorized to administer an oath, as required by section 359 of the Civil Practice Act.

PROCEEDING, pursuant to section 32 of the General Corporation Law, to set aside an alleged election of the directors of the respondent corporation.

*Morris Hillquist*, for the petitioner.

*Joseph E. Cavanaugh*, for the respondents.

GIBBS, J. The Mount Vernon Dye Casting Corporation is a business corporation organized under and existing by virtue of the laws of the State of New York. The by-laws of this company provide among other things that the directors (numbering seven) shall be elected at the annual meeting of the stockholders to be held on the last Saturday in January of each year. The petitioner alleges that the election of the directors held on January 30, 1926, was illegal, inasmuch as the holders of thirty-five shares of the capital stock of the corporation were not permitted to vote at that meeting. An examination of the papers submitted on this application discloses that prior to May, 1924, a number of stockholders transferred their stock (aggregating ninety-five shares) to the petititioner and several other persons. These shares were subsequently transferred on the books of the corporation and new certificates issued to the transferees. In January, 1925, an action was instituted against the new holders of these shares of stock in the Supreme Court, Westchester county, for a decree directing that the transfers be set aside on the ground that they were invalid, having been made contrary to one of the provisions of the by-laws of the respondent corporation, which provided in substance that a transfer of the stock should not be made by a stockholder until the corporation was given a ninety-day option in which to purchase the stock, and failed to exercise it. After a trial of the issues raised in that action the learned justice rendered his decision holding that these transfers were invalid and void and that the transferees " acquired no right or title to the said   *   *   *   shares of stock by the transfer of the same on the books of the Mount Vernon Dye Casting Corporation   *   *   *."

On appeal to the Appellate Division the judgment entered was affirmed. (See *Hassel* v. *Pohle*, 214 App. Div. 654.) Thereafter on the 12th day of January, 1926, the petitioner addressed a letter to the respondent corporation in which he asked that new

certificates be issued to the original owners. Similar letters were sent by other transferees of the stock declared to be illegally transferred. A communication dated the 15th of January, 1926, addressed to the petitioner over the signature of J. W. Lundin, president of the Mount Vernon Dye Casting Corporation, stated, in part, that the corporation would proceed at once to obtain legal advice relative to the requested transfer of the stock. No action, however, was taken. On the 30th of January, 1926, the petitioner, as the lawful holder of thirty shares of stock, attended the annual meeting of the stockholders. Upon the roll call the names of the owners of the stock which had been the subject-matter of the litigation referred to were not read. In response to an inquiry by the petitioner the chairman informed him that these shares of stock could not be voted because they were still listed under the names of the transferees who were not entitled to vote them in pursuance of the judgment entered in Westchester county. A motion made to permit the owners of the original stock to vote at the election was lost. The thirty-five of the ninety-five shares of the stock, the transfer of which had been declared " null and void," were represented at that meeting by proxies executed to certain of the stockholders and other persons, among whom were the illegal transferees of said stock. These thirty-five shares were not permitted to cast a vote for the election of the directors of the corporation. It is apparent that were the persons representing the original stockholders permitted to cast their ballots the result of the election would have been different. One of the stockholders, Oscar Adolph, in a supporting affidavit, alleges that not only was he prohibited from voting as proxy for another stockholder, but that he was not permitted to ballot the six shares of stock that he individually owned. The respondents say that no demand was made to vote this stock and they further urge that no credence can be given to the affidavit of Adolph because the oath purports to have been executed in New Jersey by a notary public of that State and it has no certificate annexed of the county clerk of the county in which it was executed, to the effect that the notary public was authorized to administer an oath. (Civ. Prac. Act, § 359.) While this objection is highly technical it is well taken and the affidavit cannot be considered. The point is made by respondents that the proxies were invalid. They contend that the petitioner and the other " transferees " paid a consideration for the original transfer to them of the stock represented by the proxies and that the original owners still retain the purchase price. They contend that this is contrary to section 23 of the General Corporation Law, which provides in part that " no member of a corporation shall sell his vote or issue a proxy

to vote to any person for any sum of money or any thing of value."

This objection is not well founded. With the exception of Louise Pohle, none of the persons to whom the proxies were issued were " the illegal transferees " of the stock they attempted to vote. There is no competent proof from which a conclusion can be reached that the original owners of this stock have not repaid the purchase price, nor is there a scintilla of evidence purporting to establish that those persons to whom the proxies were issued paid any consideration therefor. The validity of the proxies was not attacked at the meeting of the stockholders, nor was any question raised at that time relative to the repayment of the purchase price for the illegally transferred stock. The petitioner urges that respondents refused to permit this stock to be voted, while the latter contend that the petitioner and " his associates " sat idly by and did not attempt to vote. I believe petitioner's version. The respondents' story does not impress me.

As a further objection to granting this application the respondents direct the court's attention to the proposition that this proceeding is an attempt to adjudicate the legal title to the stock in question. They argue that in the judgment entered in the action tried in Westchester county, the court directed that the corporation, its officers, agents and inspectors of election be and are enjoined from accepting and counting the ninety-five stock votes represented by this stock, the transfer of which was declared " null and void." The transferees did not attempt to vote the stock as the owners thereof, but only as the duly authorized representatives of the lawful owners. The judgment in the former action provided that the transfer was a nullity. The new holders acquired no rights; the title still remained in the original owners. The failure of the officers of the corporation to issue new stock in response to the requests of the petitioner and the other transferees, prior to the election, even if this were necessary, did not confer any additional rights on such transferees nor did it deprive the lawful owners of their respective rights and privileges in the premises.

Accordingly, I conclude that the election of the directors was illegal. It is set aside and a new election ordered. Settle order on notice.